1   Robert A. Bailey (# 214688)
        rbailey@afrct.com
2   E. Christine Hehir (# 201969)
        chehir@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
        CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
7   Attorneys for Defendant WELLS FARGO
    BANK, N.A., successor by merger with
    Wells Fargo Bank Southwest, N.A.,
8   formerly known as Wachovia Mortgage,
    FSB, f/k/a World Savings Bank, FSB and
9   GOLDEN WEST SAVINGS
    ASSOCIATION SERVICE CO. ("Golden
10  West") (collectively "Wells Fargo")

11              UNITED STATES DISTRICT COURT

12      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  GERALDINE P. SUELEN, | CASE NO.:  3:13-CV-00002-MEJ |
| 15           Plaintiff, | [The Honorable Maria-Elena James] |
| 16      v. | **DEFENDANTS WELLS FARGO AND GOLDEN WEST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 17  WELLS FARGO BANK, N.A.; FORMERLY WORLD SAVINGS BANK, FSB; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A CALIFORNIA CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION; AND DOES 1 THROUGH 100, | |
| 22           Defendants. | **Hearing** Date:      **February 28, 2013** Time:     **10:00 a.m.** Ctrm:    **B (15th Floor)** |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF**

**RECORD:**

        **PLEASE TAKE NOTICE** that on **February 28, 2013, at 10:00 a.m.** in **Courtroom B**

of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, the

Honorable Maria-Elena James presiding, Defendant WELLS FARGO BANK, N.A., successor

1  by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage,

2  FSB, f/k/a World Savings Bank, FSB and GOLDEN WEST SAVINGS ASSOCIATION

3  SERVICE CO. ("Golden West") (collectively "Wells Fargo"), will move to dismiss each claim

4  in the complaint, pursuant to FRCP 9(b) and 12(b)(6).

5        Grounds for the motion are: plaintiff lacks standing to pursue claims that now belong to

6  her bankruptcy estate; plaintiff is a member of a nation-wide class whose claims were fully and

7  fairly resolved; plaintiff's claims are time barred, and federal preemption serves to bar each of

8  her claims.

9        The motion to dismiss is based upon this notice, the memorandum of points and

10  authorities, the complaint, the accompanying request for judicial notice, and on the defendant's

11  argument at the hearing, if any.

12                                   Respectfully submitted,

13  Dated: January 23, 2013          ANGLIN, FLEWELLING, RASMUSSEN,
                                   CAMPBELL & TRYTTEN LLP

14

15

16                             By:   /s/ E. Christine Hehir
                                 E. Christine Hehir

17                                   chehir@afrct.com
                         Attorneys for Defendant WELLS FARGO BANK,

18                           N.A., successor by merger with Wells Fargo Bank
                         Southwest, N.A., formerly known as Wachovia

19                           Mortgage, FSB, f/k/a World Savings Bank, FSB
                         and GOLDEN WEST SAVINGS ASSOCIATION

20                           SERVICE CO. ("Golden West") (collectively
                         "Wells Fargo")

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

1.  INTRODUCTION ................................................................................................ 1

2.  SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACTS............. 2

    A.  Plaintiff's Loan. ...................................................................................... 2

    B.  Plaintiff's March 2009 Default, The Foreclosure and Plaintiff's Five
    Bankruptcy Filings......................................................................................... 2

    C.  Plaintiff's Complaint................................................................................. 4

3.  PLAINTIFF LACKS STANDING TO PURSUE HER CLAIMS .................................. 5

4.  PLAINTIFF'S CLAIMS ARE TIME-BARRED...................................................... 7

5.  ALL PLAINTIFF'S CHALLENGES TO THE FORECLOSURE FAIL........................ 9

    A.  Plaintiff's Failure to Tender the Debt is Fatal to Each of Her Challenges to
    the Foreclosure.......................................................................................... 9

    B.  The Complaint Does Not Allege Facts Sufficient to Overcome the
    Presumption of Validity Afforded the Foreclosure. ........................................ 10

6.  PLAINTIFF'S CLAIMS ARE SEPARATELY FLAWED......................................... 11

    A.  Plaintiff Has Not Pled the Basis for a Wrongful Foreclosure Claim................. 11

    B.  Plaintiff Has Not Adequately Pled Her Fraud Based Claims (Second and
    Sixth)...................................................................................................... 13

    C.  Plaintiff Does Not Allege the Elements of a Breach of the Covenant of
    Good Faith and Fair Dealing Claim............................................................. 14

    D.  The Fifth Claim (Intentional Infliction Of Emotional Distress) Should Be
    Dismissed................................................................................................. 15

    E.  Plaintiff Has Not Stated A Claim For Negligence.......................................... 16

    F.  Plaintiff Fails to Allege a UCL Violation..................................................... 17

    G.  Plaintiff Inadequately Asserts Grounds To Cancel The Trustee's Deed
    Upon Sale................................................................................................. 18

    H.  Plaintiff Has Not Stated a Claim for Quiet Title.......................................... 19

    I.  Plaintiff Has Not Stated A Basis for Declaratory Relief. ................................. 19

    J.  Plaintiff's Eleventh Claim For Relief Fails Because Injunctive Relief Is
    Not An Independent Claim. ........................................................................ 20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    7.    NONE OF THE CLAIMS IS SUFFICIENT AS TO GOLDEN WEST ........................ 21

2    8.    CONCLUSION.......................................................................................................... 21

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**FEDERAL CASES**

4
*Beutel v. Wells Fargo Bank, N.A.,*
5
    2011 U.S. Dist. LEXIS 121486 (N.D. Cal. 2011) .................................................................14

6
*Bridgeman, Jr. v. United States of America,*
7
    2011 U.S. Dist. Lexis 6059 (E.D. Cal. Jan. 20, 2011) ....................................................18, 19

8
*Domnie v. Saxon Mortgage,*
    2010 U.S. Dist. LEXIS 76816 (N.D. Cal. 2010) .................................................................11

9
*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
10
    100 F. Supp. 2d 1086 (C.D. Cal. Sept. 14, 1999) .............................................................13

11
*Hamilton v. State Farm Fire & Cas. Co.,*
    270 F.3d 778 (9th Cir. 2001) ......................................................................................................6

12
*In re Costal Plains, Inc.,*
13
    179 F.3d 197 (5th Cir. 1999) ......................................................................................................6

14
*In re Jones v. Cendant Mortgage Corp.,*
    396 B.R. 638 (W.D. Penn. 2008)...............................................................................................6

15
*In re Lopez (Lopez v. Specialty Restaurants)*
16
    283 B.R. 22 (9th Cir. BAP 2002) .............................................................................................5

17
*Levald, Inc. v. City of Palm Desert,*
18
    998 F.2d 680 (9th Cir. Cal. 1993)...........................................................................................8

19
*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) ..................................................................................................13

20
*Moreno v. Autozone, Inc.,*
21
    2007 U.S. Dist. LEXIS 29432 (N.D. Cal. Apr. 6, 2007) ......................................................5

22
*Moreno v. Citibank, N.A.,*
23
    2010 U.S. Dist. LEXIS 25955 (N.D. Cal. Mar. 19, 2010)...................................................18

24
*Neu v. Terminix Int'l, Inc.,*
    2008 U.S. Dist. LEXIS 32844 (N.D. Cal. Apr. 8, 2008) .....................................................17

25
*Pazargad v. Wells Fargo Bank, N.A.,*
26
    2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011).....................................................19

27
*Periguerra v. Meridas Capital, Inc.,*
28
    2010 U.S. Dist. LEXIS 8082 (N.D. Cal. Jan. 29, 2010) .......................................................20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ...................................................................17

*Sacks v. Office of Foreign Assets Control*,
   466 F.3d 764 (9th Cir. 2006) .................................................................................7

*Sanchez v. U.S. Bank, N.A.*,
   2010 U.S. Dist. LEXIS 14954 (N.D. Cal. Feb. 22, 2010) .......................................19

*Santos v. Countrywide Home Loans*,
   2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009).......................................19

*Snider v. Sherman*,
   2007 U.S. Dist. LEXIS 32336 (E.D. Cal., Apr. 18, 2007).......................................5

*United States v. Washington*,
   759 F.2d 1353 (9th Cir. 1985) ...............................................................................20

*United States v. Whiting Pools, Inc.*,
   462 U.S. 198 (1983).................................................................................................5

*Williams v. Kaiser Permanente Div. of Research*,
   2000 U.S. Dist. LEXIS 12746 (N.D. Cal. Aug. 22, 2000).......................................6

*Winter v. Natural Resources Def. Council*,
   129 S. Ct. 365 (2008).............................................................................................20

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ...............................................................................13

**STATE CASES**

*Abdallah v. United Savings Bank*,
   43 Cal. App. 4th 1101 (1996) ..................................................................................9

*Aceves v. U.S. Bank, N.A.*,
   192 Cal. App. 4th 218 (2011) ................................................................................16

*Arnolds Management Corp. v. Eischen*,
   158 Cal. App. 3d 575 (1984) ...................................................................................9

*Bogard v. Employers Casualty Co.*,
   164 Cal. App. 3d 602 (1985) .................................................................................16

*Carma Developers, Inc. v. Marathon Development California, Inc.*,
   2 Cal. 4th 342 (1992) .......................................................................................14, 15

*Cloud v. Northrop Grumman Corp.*,
   67 Cal. App. 4th 995 (1998) ....................................................................................5

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Erlich v. Menezes,*
    21 Cal. 4th 543 (1999) ...................................................................................16

*Fontenot v. Wells Fargo Bank, N.A.,*
    198 Cal. App. 4th 256 (2011) ....................................................................10, 12

*FPCI Re-Hab 01 v. E & G Invs.,*
    207 Cal. App. 3d 1018 (1989) ........................................................................9

*Gaffney v. Downey Sav. & Loan,*
    200 Cal. App. 3d 1154 (1988) ........................................................................9

*Gavina v. Smith,*
    25 Cal. 2d 501 (1944) ....................................................................................9

*Girard v. Ball,*
    125 Cal. App. 3d 772 (1981) .........................................................................15

*Hironymous v. Hiatt,*
    52 Cal. App. 727,731 (1921) .........................................................................18

*Karlsen v. American Savings & Loan Ass'n,*
    15 Cal. App. 3d 112 (1971) .......................................................................9, 19

*Khoury v. Maly's of California, Inc.,*
    14 Cal. App. 4th 612 (1993) .........................................................................17

*Korea Supply Company v. Lockheed Martin Corporation,*
    29 Cal. 4th 1134 (2003) ...............................................................................17

*Korean American Legal Advocacy Foundation v. City of Los Angeles,*
    23 Cal. App. 4th 376 (1994) .........................................................................20

*Mack v. Golino,*
    95 Cal. App. 2d 731 (1950) ............................................................................9

*McElroy v. Chase Manhattan Mortgage Corp.,*
    134 Cal. App. 4th 388 (2005) .........................................................................9

*Munger v. Moore,*
    11 Cal. App. 3d 1 (1970) ..............................................................................13

*Nally v. Grace Comm. Church,*
    47 Cal. 3d 278 (1988) ..................................................................................15

*Nguyen v. Wells Fargo Bank, N.A.,*
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ...........................................................20

*Pitman v. City of Oakland,*
    197 Cal. App. 3d 1037 (1988) .......................................................................16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Racine & Laramie, Ltd. v. Dept. of Parks & Recreation,*
    11 Cal. App. 4th 1026 (1992) ........................................................14

*Ross v. Creel Printing & Pub. Co., Inc.,*
    100 Cal. App. 4th 736 (2002) ........................................................15

*Sipe v. McKenna,*
    88 Cal. App. 2d 1001 (1948) .....................................................9, 19

*Stevenson v. Baum,*
    65 Cal. App. 4th 159 (1998) ........................................................19

*Tarr v. Merco Const. Engineers, Inc.,*
    84 Cal.App.3d 707 (1978) ............................................................6

*Tollefson v. Roman Catholic Bishop,*
    219 Cal.App.3d 843 (1990) .........................................................15

*Touli v. Santa Cruz County Title Co.,*
    20 Cal. App. 2d 495 (1937) ...........................................................9

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.,*
    1 Cal. 3d 586 (1970) ...................................................................16

**FEDERAL STATUTES**

11 U.S.C. § 541(a)(1)......................................................................5

11 U.S.C. § 554(d) .......................................................................5, 6

12 U.S.C. § 1461, *et seq*................................................................17

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17204 ....................................................18

Cal. Civ. Code § 1624(a) ...............................................................15

Cal. Civ. Code § 1691 ...................................................................18

Cal. Civ. Code § 1698 ...................................................................15

Cal. Civ. Code § 2924(c) ..........................................................10, 11

Cal. Civ. Code § 2924c ............................................................10, 11

Cal. Civ. Code § 2924g ............................................................11, 12

Cal. Civ. Code § 2924g(c)(1)....................................................10, 12

Cal. Civ. Code § 2924g(d)........................................................11, 12

Cal. Civ. Code §§ 3412-3413 .................................................................................................18

Cal. Code Civ. Proc. § 337 ..............................................................................................8, 9

Cal. Code Civ. Proc. § 338(d)............................................................................................8

**RULES**

Fed. R. Civ. P. 12(b)(6)....................................................................................................7

**REGULATIONS**

12 C.F.R. § 560.2 ...........................................................................................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Plaintiff brings this second action against her mortgage lender Wachovia Mortgage (a division of Wells Fargo Bank, NA, formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB) ("Wachovia").  This action represents the latest in a long string of tactics taken by Plaintiff to challenge the foreclosure of a loan on which she had not made a payment in more than three years.  The complaint must be dismissed for a variety of reasons.

First, Plaintiff lacks standing to pursue her claims.  Since Wells Fargo initially recorded its Notice of Default in 2009, Plaintiff has filed five separate bankruptcy petitions in order to block the foreclosure.  All but one of these was dismissed due to Plaintiff's failure to file documents or comply with orders.  The remaining petition under Chapter 7 proceeded to a final discharge in March, 2011.  The discharge means Plaintiff has no standing to assert her pre-petition claims.  All the claims asserted in the complaint would belong to the Chapter 7 trustee, not Plaintiff.

Second, Plaintiff's claims are time barred.  Plaintiff got her loan in 2004, and defaulted in early 2009.  Wells Fargo's notice of default was recorded in July, 2009.  Yet, Plaintiff did not bring this action until August, 2012.  Plaintiff's claims stemming from the origination of the loan and the subsequent Notice of Default are barred by the applicable statutes of limitations.

Third, each of Plaintiff's challenges to the foreclosure fail because she has not tendered the debt and because she does not plead any facts to overcome the presumption that the foreclosure was conducted properly.

Finally, each of Plaintiff's claims is individually flawed and fails to state a claim upon which relief may be granted.

Plaintiff cannot amend around these systemic and individual defects.  The complaint should be dismissed with prejudice.

///

///

2.   **SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACTS**

**A.      Plaintiff's Loan.**

This complaint arises out of a residential mortgage transaction between Plaintiff and World Savings Bank, FSB.  (Comp. ¶19).  In September, 2004, Plaintiff obtained a mortgage loan from World Savings in the amount of $264,000.  (Comp. ¶31, Ex. B).  The loan was secured by a Deed of Trust on Plaintiff's property located at 1725 Liberty Street #5, El Cerrito, California (the "Property").  (Comp., Ex. A, Art. III(i)).

In or about January 2008, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB, which then merged into Wells Fargo Bank, N.A. in November 2009.  (Request for Judicial Notice ("RJN"), Exs. A-B).

Wells Fargo substituted Cal-Western Reconveyance Corporation as trustee under the Deed of Trust effective July 30, 2009.  (Comp., Ex. D).  That substitution was recorded November 2, 2009.  (Comp., Ex. D).  As a result Golden West Savings Association Service Company no longer had any involvement in the loan or responsibilities as trustee.

**B.      Plaintiff's March 2009 Default, The Foreclosure and Plaintiff's Five Bankruptcy Filings.**

Plaintiff defaulted on her payments in March, 2009.  (Comp. ¶83, Ex. C, p.2).  The trustee therefore recorded a Notice of Default on July 31, 2009.  (Comp., Ex. C).  It recorded a Notice of Trustee's Sale on November 17, 2009, setting the sale date as December 3, 2009.  (Comp., Ex. G).  The Trustee completed a foreclosure on July 16, 2010.  (Comp., Ex. E).  However, upon learning of Plaintiff's bankruptcy filing on the same day, it rescinded the Trustee's Deed Upon Sale in a document recorded August 23, 2010.  (Comp., Ex. F).

Plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on July 16, 2010.  (RJN, Ex. C).  This was Plaintiff's first bankruptcy.  Wells Fargo's motion for relief from the bankruptcy stay to allow the foreclosure to proceed was granted on October 21, 2010.  (RJN, Ex. D).  The bankruptcy court dismissed that petition on November 4, 2010 due to Plaintiff's failure to comply to an subsequent court order.  (RJN, Ex. E).

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  3:13-CV-00002-MEJ
MEMORANDUM OF POINTS AND
AUTHORITIES ISO MTD COMPLAINT

Because the prior Notice of Trustee's Sale had been filed more than a year earlier, the Trustee had to record a new Notice of Sale.  It did so on December 3, 2010, with a noticed sale date of December 23, 2010.  (Comp. Ex. H).  In response to this Notice, Plaintiff immediately filed a new Chapter 7 bankruptcy petition on December 3, 2010, before the sale could be completed. (RJN, Ex. F).  Her bankruptcy schedules filed December 8, 2010, did not list any contingent or liquidated claims as assets.  (RJN, Ex. G at p.4, Item 21).  Wells Fargo again sought and obtained an order granting relief from stay on April 4, 2011.  (RJN, Ex. H).  Plaintiff received a discharge in this Chapter 7 bankruptcy on March 15, 2011.  (RJN, Ex. I).

Plaintiff filed another bankruptcy petition on November 23, 2011, this time under Chapter 13.  (RJN, Ex. K). The bankruptcy court dismissed that petition dismissed on December 20, 2011 for failure to file documents.  (RJN, Ex. L).

Undaunted, Plaintiff filed a new Chapter 13 petition on February 6, 2012.  (RJN, Ex. M). The bankruptcy court dismissed that petition on February 29, 2012, for failure to file documents. (RJN, Ex. N).

Plaintiff then filed her fifth petition, again under Chapter 13, on March 21, 2012.  (RJN, Ex. Q).  The bankruptcy court dismissed that petition on July 13, 2012, with an order barring Plaintiff from filing any additional bankruptcy petitions for six months.  (RJN, Ex. P).

Finally free from Plaintiff's repeated bankruptcy filings, Wells Fargo was able to complete the foreclosure on July 19, 2012.  (RJN, Ex. Q (TDUS p.2)).  The Trustee's Deed Upon Sale recorded August 9, 2012, states that the trustee "having complied with all applicable statutory requirements of the State of California and performed all the duties required by said Deed of Trust, including, among other thing, as applicable, the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of the copies of the notice of sale or the publication of a copy thereof." (RJN, Ex. Q at 1).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**C.   Plaintiff's Complaint.**

Plaintiff filed an almost identical complaint in August 21, 2012.  That complaint, like this one, was removed to federal court.  Plaintiff voluntarily dismissed the action with Wells Fargo's motion to dismiss pending.  (RJN, Exh. R).

In this action, all but one claim in Plaintiff's complaint is premised on four independent wrongful acts, each purported wrong rendering the trustee sale void[1].  First, Plaintiff alleges "Defendants recorded the July 31, 2009 Notice of Default without legal authority as the trustee …." (Complaint ("Comp.") ¶¶34, 40, 46, 52, 58, 64, 70, 78, 90).  However, the judicially noticeable documents and the statutory authority do not support this claim.

Plaintiff next alleges that "The trustee's sale was held on July 19, 2012, more than 365 days after the July 31, 2009 recording of the Notice of Default," seemingly in violation of Civil Code § 2924g(c). (Comp. ¶¶35, 41, 47, 53, 59, 65, 71, 79, 91).  Plaintiff also alleges the defendants were required to record a new Notice of Default prior to recording a new Notice of Trustee Sale.  (*Id.*).  Nothing in the statutes supports either of these claims.

Plaintiff next alleges, without any specific factual details, that Wells Fargo breached its promise that no foreclosure would take place while Plaintiff's loan was reviewed for a modification and suppressed the date of the sale.  (Comp. ¶¶36, 42, 48, 54, 60, 66, 72, 80, 92).  Plaintiff asserts that this breach and suppression of facts prevented her from making a payment, taking legal action, or negotiate further with her creditor to stop any foreclosure action.  Thus, the sale is void for this reason as well.  Plaintiff alleges no facts in support of this theory.

Finally, Plaintiff alleges that the defendants "did not give proper notice of the postponement of the trustee's sale from the date set" in the final Notice of Trustee Sale. (Comp. ¶¶36, 42, 48, 54, 60, 66, 72, 80, 92).  This purported failure also prevented Plaintiff from making

---

[1]  Wrongful foreclosure (1st), intentional fraud (2nd), negligent fraud (3rd), breach of the implied covenant of good faith and fair dealing (4th), intentional infliction of emotional distress (5th), negligence (6th), violation of business & professions Code § 17200 et seq. (7th), cancellation of instrument (8th), quiet title (9th) and declaratory relief (10th).

1  a timely payment, taking legal action or negotiating further with her creditor.  Plaintiff fails to

2  allege any facts in support of this claim either.

3          Plaintiff's injunctive relief claim (11th) seeks to enjoin an already completed unlawful

4  detainer action. (Comp. ¶¶99-104).

5      **3.    PLAINTIFF LACKS STANDING TO PURSUE HER CLAIMS**

6          All Plaintiff's damages claims belong to her Chapter 7 bankruptcy estate and she lacks

7  standing to pursue them.

8          As noted above, Plaintiff's has engaged in extensive abuse of the bankruptcy code, filing

9  five separate bankruptcy petitions between July 16, 2010 and March 21, 2012.  Each of these

10  were dismissed save one.  Her December 3, 2010, Chapter 7 petition resulted in an order

11  granting her a discharge on March 15, 2011.  (RJN, Ex. I).  As such, any claim which arose

12  before December 3, 2010 belongs to the bankruptcy estate and she lacks standing to bring it.

13  Unfortunately for Plaintiff, this applies to almost all her claims.

14          "The widely accepted rule is that after a person files for bankruptcy protection, any

15  causes of action previously possessed by that person become the property of the bankruptcy

16  estate."  *Cloud v. Northrop Grumman Corp.*, 67 Cal.App.4th 995, 1001 (1998), citing *United*

17  *States v. Whiting Pools, Inc.,* 462 U.S. 198, 203-205, fn. 9 (1983) ("'a broad range of property,'

18  including causes of action, is included in the bankruptcy estate"); *see also* 11 U.S.C.

19  §§ 541(a)(1), 554(d); *In re Lopez (Lopez v. Specialty Restaurants)* 283 B.R. 22, 28 (9th Cir. BAP

20  2002).  Thus, plaintiff's claims in this action became the "property of the bankruptcy estate" as

21  of the Chapter 7 petition date, December 3, 2010.  (RJN, Exh. F).

22          Standing is the *sine qua non* of making a claim.  "The trustee in a Chapter 7 bankruptcy

23  is the sole representative of the estate.  After a trustee is appointed, the debtor no longer has

24  standing to pursue a claim which existed at the time the Chapter 7 bankruptcy petition was filed.

25  A debtor can regain standing if a claim is abandoned by the trustee.  But a claim that was never

26  disclosed in the bankruptcy petition cannot be abandoned."  *Moreno v. Autozone, Inc.,* 2007 U.S.

27  Dist. LEXIS 29432, *10-*11 (N.D. Cal. Apr. 6, 2007) (citations omitted); see also *Snider v.*

28  *Sherman*, 2007 U.S. Dist. LEXIS 32336, 82-84 (E.D. Cal., Apr. 18, 2007) ("11 U.S.C.

Anglin Flewelling Rasmussen Campbell & Trytten llp

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   § 541(a)(1) provides that a bankruptcy estate is comprised of 'all legal or equitable interests of

2   the debtor in property as of the commencement of the case' and once appointed, the trustee

3   becomes the representative of the estate, and succeeds to the debtor's rights to pursue causes of

4   action which are property of the estate").  Indeed, even in the case where the bankruptcy trustee

5   is discharged, plaintiff still lacks standing.  *Williams v. Kaiser Permanente Div. of Research*,

6   2000 U.S. Dist. LEXIS 12746, *9 n.2 (N.D. Cal. Aug. 22, 2000) ("the discharge of her

7   bankruptcy trustee does not provide her with standing."  *See* 11 U.S.C. § 554(d) ('Unless the

8   court orders otherwise, property of the estate that is not abandoned under this section and that is

9   not administered in the case remains property of the estate.')").

10       "Thus, in the case of an omitted cause of action, the trustee is the real party in interest and

11   the more correct defenses are that the action is not being prosecuted by the real party in interest

12   and that the debtor lacks standing."  *In re Jones v. Cendant Mortgage Corp.*, 396 B.R. 638 *32

13   (W.D. Penn. 2008); *Tarr v. Merco Const. Engineers, Inc.*, 84 Cal.App.3d 707 (1978) (where

14   petition in bankruptcy had been filed by plaintiff before he filed complaint, such cause of action

15   had passed to plaintiff's trustee in bankruptcy and plaintiff had no standing to assert it).

16       The bankruptcy code imposes a duty on debtors to fully and accurately disclose all assets,

17   including contingent or unliquidated ones.  *In re Costal Plains, Inc.*, 179 F.3d 197, 207-08 (5th

18   Cir. 1999).  That is because such disclosures are used by the bankruptcy court in deciding

19   whether to grant a requested discharge or reorganization plan.  As a consequence, a debtor who

20   received a discharge based on schedules which do not list a claim or cause of action is judicially

21   estopped from asserting that claim later.  *Hamilton v. State Farm Fire & Cas*. Co., 270 F.3d 778,

22   784 (9th Cir. 2001).

23       Here, Plaintiff failed to include any of the claims asserted here in her schedules.  (RJN,

24   Ex. G at 4 (Item 21)).  She was therefore able to claim an almost complete lack of assets which

25   convinced the bankruptcy court to grant her a discharge.  She is judicially estopped from

26   asserting them now.  Accordingly, Plaintiff is barred from bringing the following pre-petition

27   causes of action based on both judicial estoppel and a lack of standing.

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Second and Third Causes of Action for Intentional and Negligent Fraud:  In violation of Rule 9, Plaintiff's fraud claims lack sufficient detail to know just what was said to whom or when.  However, Plaintiff does allege that the fraud stems from the recording of the Notice of Default in July, 2009.  (Comp. ¶¶40, 46).  She also references the recordation of the Notice of Substitution of Trustee on November 2, 2009.  (¶¶41, 47 and Comp. Ex. C).  To the extent Plaintiff's second and third causes of action are based on any statements in or around the recording of those documents, they pre-date her bankruptcy petition and belong to her estate.

These claims too lack the detail required by Rule 9, but apparently relates to statements made during the loan modification process.  (Comp. ¶¶19, 42, 48).  Those modification discussions allegedly took place before foreclosure proceedings commenced.  (*Id.*).  Plaintiff also says they took place in 2009 and 2010.  (*Id.*).  Thus, they pre-dated the December 3, 2010 petition and any claim based on them belongs to the bankruptcy estate.

Fourth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing:  This cause of action stems from "the commencement of foreclosure proceedings" in 2009 (Comp. ¶52) and the 2009-2010 modification discussions (¶54).  All such conduct arose before Plaintiff's bankruptcy filing.

Because plaintiff lacks standing, her claims in this suit should be dismissed for failure to state a claim under Rule 12(b)(6).  *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).  The trustee is the only person with standing and Plaintiff's attempt to assert these claims on her own must be rejected.

Fifth Cause of Action for Violation of Bus. & Prof. Code § 17200:  This claim relates to the institution of foreclosure proceedings and recording associated documents.  (Comp. ¶¶70-72).  It challenges the July 31, 2009 Notice of Default and the August 5, 2010 Trustee's Deed Upon Sale.  (*Id.*).  Such acts were completed well before the December, 2010 bankruptcy filing.

## 4.   **PLAINTIFF'S CLAIMS ARE TIME-BARRED**

Plaintiff received her loan more than eight years ago in September, 2004.  (Comp. ¶11).  She defaulted on her loan in March, 2009.  (Comp., Ex. C, p.2).  The publically recorded Notice of Default was recorded July 31, 2009.  (Comp., Ex. C).  Yet, Plaintiff did not initiate this action

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

until December 20, 2012.  Thus, the statute of limitations has run as to each of the following claims.

Fraud based claims (2nd and 3rd Causes of Action).  Claims based on fraud are subject to the three-year statute of limitations.  Cal. Code Civ. Proc. § 338(d).  The exact nature and time of the alleged false statements or omissions is not clear.  But it does not matter whether the statements were made in connection with the origination of the loan or the commencement of foreclosure proceedings, all such claims had expired no later than July 31, 2012.

UCL Violation (7th Cause of Action):  Business & Professions Code §17208 establishes a four year statute of limitations.  To the extent Plaintiff's claim is based on the origination or recording of the notice of default, such claim expired in July 2012.

Quiet Title (9th Cause of Action):  Claims to quiet title as to a known claim of right such as the deed of trust here is either subject to the four year statute applicable to rescission of a written contract (CCP §337) or the five-year statute of limitations to recover real property (CCP §318).  Either way, the deed of trust was recorded in 2004 and any challenge to it had to be brought by 2009.

Declaratory Relief (10th Cause of Action):  A claim for declaratory relief that is merely duplicative of other legal claims in the same complaint is subject to the same statute of limitations as the underlying claims.  *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. Cal. 1993).  Plaintiff seeks a judicial declaration that Wells Fargo improperly foreclosed.  This is redundant with each claim, including her fraud and UCL claims.  It therefore is subject to a three or, at most, four year statute of limitations running from 2004 when the loan was originated.

Breach of the Implied Covenant (11th Cause of Action):  Plaintiff implied covenant claims fails to identify what contract it relates to and whether the contract is written or oral.  Assuming it concerns the deed of trust or the mortgage note, such a claim would have accrued in 2004 and expired in 2008.  *See* Cal. Code Civ. Proc. § 337.

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

### 5.   ALL PLAINTIFF'S CHALLENGES TO THE FORECLOSURE FAIL

2   **A.   Plaintiff's Failure to Tender the Debt is Fatal to Each of Her Challenges to the**

3   **Foreclosure.**

4   It is well-established California law that, to set aside a foreclosure sale, or obtain any

5   equitable relief for that matter, a debtor must make a valid and viable tender of their full

6   outstanding indebtedness. *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996)

7   (equity would not set aside trustee's sale under deed of trust in favor of former owner because no

8   tender was made nor ability to pay the indebtedness shown); *FPCI Re-Hab 01 v. E & G Invs.*,

9   207 Cal. App. 3d 1018, 1021 (1989); *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154,

10   1165 (1988) (tender of full debt is a prerequisite to enjoining a foreclosure); *Karlsen v. American*

11   *Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971); *Gavina v. Smith*, 25 Cal. 2d 501, 505-

12   506 (1944); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) (full tender is a precondition to

13   injunctive relief and quiet title).

14   Likewise, any challenge to the foreclosure based on alleged irregularities in the

15   foreclosure mechanics is also defective given the failure to tender.  To maintain any type of

16   wrongful foreclosure claim, a plaintiff must establish tender of the full amount of the

17   indebtedness.  *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *Arnolds*

18   *Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984).  For the sake of argument,

19   even if a technical defect existed in the sale mechanics, the failure to tender the full debt

20   eliminates a challenge to the foreclosure process.  *Touli v. Santa Cruz County Title Co.*, 20 Cal.

21   App. 2d 495, 499-500 (1937) (rescission only available once a viable tender has been made).

22   Indeed, a complaint that does not allege such a tender does not state a cause of action.  *McElroy*

23   *v. Chase Manhattan Mortgage Corp.*, 134 Cal. App. 4th 388 (2005); *Mack v. Golino*, 95 Cal.

24   App. 2d 731, 735 (1950).

25   Plaintiff has not alleged a tender of the debt.  To the contrary, she has filed five separate

26   bankruptcy petitions confirming that she lacks the ability to tender the debt.  Each of Plaintiff's

27   claims nonetheless stem from challenges to the validity of the foreclosure.  California law will

28

1   not allow her to maintain those claims without tendering the debt owed.  Because she cannot,

2   each of Plaintiff's claims should be dismissed with prejudice.

3   **B.      The Complaint Does Not Allege Facts Sufficient to Overcome the Presumption of**

4   **Validity Afforded the Foreclosure.**

5          The complaint and judicially noticeable documents establish the validity of the

6   foreclosure and Plaintiff fails to allege any facts which would overcome that presumption.

7          California law creates a presumption that a foreclosure sale has complied with all

8   statutory notice and recording requirements provided as the Trustee's Deed Upon Sale so states.

9   Cal. Civ. C. §2924(c).  The Trustee's Deed here has such a recital.  (RJN, Ex. Q at 1).  Plaintiff's

10  vague and conclusory allegations are insufficient to overcome that presumption.

11         Plaintiff also challenges the timing of the recording of the substitution of trustee as

12  coming after the recording of the Notice of Default.  This issue has been litigated and resolved

13  repeatedly.  Under California law, a Notice of Substitution of Trustee can be signed and recorded

14  after a Notice of Default without impairing the validity of the previously recorded Notice of

15  Default.  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 269 (2011).

16         Plaintiff next references Civil Code § 2924g(c) to claim that the Notice of Default was

17  only valid for 365 days but the sale happened more than a year later.  (Comp. ¶35).  This statute

18  relates to notices of trustee's sale, not notices of default.  Plaintiff is confusing a Notice of

19  Trustee's Sale with a Notice of Default.  A Notice of Sale is only valid for a year (Cal. Civ. C.

20  §2924g(c)(1)), but there is no such time constraint on a Notice of Default.  (*See* Cal. Civ. C.

21  §2924c)

22         Plaintiff also argues that she was engaged in loan modification discussions which she

23  believes should have delayed or stopped the foreclosure.  As a threshold matter, Plaintiff's

24  assertion that the bank was seriously engaging her in modification discussions during a period

25  when she was repeatedly filing bankruptcy petitions such that Wells Fargo had to repeatedly seek

26  relief from stay, fails the plausibility test.  Regardless, even if modification discussions were

27  ongoing, such discussions do not entitle Plaintiff to a modification or a delay of the foreclosure.

28  *Domnie v. Saxon Mortgage*, 2010 U.S. Dist. LEXIS 76816, *5 (N.D. Cal. 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Finally, Plaintiff alleges the defendants did not give proper notice of the postponements of the sale from August 2011 until the sale was completed in July 2012. However, postponements are made by public declaration at the time of the scheduled sale. "No other notice of postponement need be given." Cal. Civ. Code § 2924g(d). There was no statutory requirement that Plaintiff receive additional notice.

None of Plaintiff's challenges to the foreclosure can withstand a motion to dismiss.

### 6. PLAINTIFF'S CLAIMS ARE SEPARATELY FLAWED

In addition to the systemic defects created by the lack of standing, the statutes of limitations, and the tender requirement, Plaintiff's claims cannot withstand scrutiny on an individual basis.

### A. Plaintiff Has Not Pled the Basis for a Wrongful Foreclosure Claim.

As noted above, Plaintiff cannot articulate a wrongful foreclosure claim without tendering her debt and she cannot articulate anything Wells Fargo did wrong with respect to the foreclosure. It is entitled to foreclose and recorded all the proper documents necessary to complete the foreclosure. The trustee's statement in the deed upon sale confirms that all statutory procedures were complied with. (RJN, Ex. Q at 1). This creates a statutory presumption as to the validity of the sale. Cal. Civ. C. §2924(c). Plaintiff must plead facts necessary to overcome that presumption. She must specifically state what portion of the Civil Code the bank violated and how. She has not.

Plaintiff repeatedly claims that the Notice of Trustee's Sale was recorded more than 365 days after the Notice of Default. She claims this violates Civil Code §§ 2924f and 2924g. (Comp ¶35). She is wrong. Section 2924g places a 365-day time limit on the validity of a Notice of Trustee's Sale. There is no such restriction on a Notice of Default. If the default remains for more than a year after recording the Notice of Trustee's Sale, the trustee must record a new notice of sale, but need not record a new Notice of Default. Cal. Civ. C. §§2924c and 2924g. Of course, the trustee here had to file repeated notices of sale due to Plaintiff's abuse of the bankruptcy system with repeated improper filings which would then be dismissed for failure to file schedules or comply with orders. In this way she was able to delay the foreclosure to the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   point where the trustee had to reissue Notices of Trustee Sale until the bankruptcy court issued a

2   bar preventing Plaintiff from further filings.  Moreover, there was no requirement that Plaintiff

3   receive additional notices of the postponements of the trustee sale during this period.  Once a

4   Notice of Trustee Sale is recorded under Section 2924g, a new Notice of Trustee's Sale only

5   need be recorded if postponements of the sale extend beyond 365 days from the original sale

6   date.  *See* Civ. Code § 2924g(c)(1).  Until that time, postponements are made by public

7   declaration at the time of the scheduled sale.  Civ. Code § 2924g(d).  Thus, once the trustee

8   records a trustee sale for a specific time, date, and location, the trustee must be that the appointed

9   location at the appointed hour and either sell the property or cry out a postponement and the

10   reason why.  *Id.*  Plaintiff's boilerplate allegation that defendants did not give proper notice of

11   the postponement does not defeat the presumption that the sale was properly conducted.

12        Moreover, a claim for wrongful foreclosure only lies if the plaintiff was actually harmed

13   by the foreclosure.  To maintain such a claim, the plaintiff must demonstrate how the alleged

14   imperfection in the foreclosure process was prejudicial to the plaintiff's interest.  *Fontenot v.*

15   *Wells Fargo Bank, N.A*., 198 Cal. App. 4th 256, 272 (2011).  Plaintiff fails to establish how she

16   was prejudiced by anything done in the foreclosure process.  She baldly states that as a result of

17   the failures in the foreclosure proceedings, she "did not have the opportunity to either make

18   payment, or take legal action, or negotiate further with her creditor to stop any foreclosure

19   action."  (Comp. ¶37).  Plaintiff's abuse of the bankruptcy statutes in preventing the sale while

20   she filed numerous petitions and her July 2012 lawsuit (voluntarily dismissed with a motion to

21   dismiss pending) reflect that she was never prevented from making a payment or taking legal

22   action to prevent the sale.  Plaintiff exhausted every trick in the book to stay in the property

23   without making a payment.  Any imagined flaw in the foreclosure process did not prevent her

24   from taking any action that would prevent the sale short of paying her debt.  Her bankruptcies

25   and gamesmanship, suggest that was never her intention.

26        In addition, the measure of damages for wrongful foreclosure is the fair market value of

27   the property minus the outstanding encumbrances at the time of the foreclosure.  *Munger v.*

28   *Moore*, 11 Cal. App. 3d 1, 11 (1970).  Plaintiff's own bankruptcy petitions confirm that she

owed more on the property than it was worth.  Her December, 2010 petition (which resulted in a

discharge) listed the value of the property at $290,000.  (RJN, Ex. F).  She failed to file

schedules for her most recent petition, but did list the Property at a value of $246,000 as of

February 6, 2012.  (RJN, Ex. O, p. 6).  Plaintiff used these values to obtain a bankruptcy

discharge and the benefit of the automatic bankruptcy stay.  She is now judicially estopped from

claiming the property is worth more.  The Notice of Trustee's sale incorporated into the

complaint as Exhibit H lists the outstanding balance to be $330,133.99 as of December 3, 2010.

(Comp., Ex. H, p.2).  Exhibit I shows that it had arisen to $342,377.66 as of July 25, 2011.

(Comp., Ex. I, p.2).  Plaintiff cannot establish any wrongful foreclosure damages when she owed

more than $340,000 on property she admits was worth less than $250,000.

**B.      Plaintiff Has Not Adequately Pled Her Fraud Based Claims (Second and Sixth).**

Under Rule 9(b), fraud allegations are subject to a higher pleading standard and must be

specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-

1094 (C.D. Cal. Sept. 14, 1999) (reciting California elements).

Rule 9(b) mandates the explicit identification of context.  "This means the who, what,

when, where, and how . . . ."  *Glen Holly,* 100 F. Supp. 2d at 1094.  As for corporate defendants,

Rule 9(b) requires plaintiffs to specifically allege:  (1) the misrepresentation, (2) the speaker and

his or her authority to speak, (3) when and where the statements were made, (4) whether the

statements were oral or written, (5) if statements were written, the specific documents containing

the representations, and (6) the manner in which the representations were allegedly false or

misleading.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989).  Vague

or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement.

*Moore,* 885 F.2d at 540; *see also, Wool v. Tandem Computers, Inc*., 818 F.2d 1433, 1439 (9th

Cir. 1987).  Thus, merely identifying allegedly fraudulent conduct fails..  The particularity

requirement extends to claims for fraud, intentional or negligent misrepresentation or fraudulent

concealment.

Plaintiff's claims fall well short of this standard.  She separately brings a claim for

intentional fraud (2nd Cause of Action), negligent fraud (3rd Cause of Action) and incorporates

the purportedly fraudulent activity in each cause of action.  Yet none of these claims specifically identify what fraudulent statements were made or concealed, who said them, to whom or what Plaintiff did in reliance.  In short, Plaintiff pleads none of the elements necessary to maintain any cause of action based on fraud.

**C.     Plaintiff Does Not Allege the Elements of a Breach of the Covenant of Good Faith and Fair Dealing Claim.**

The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct. CACI No. 325; *Carma Developers, Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 371-75 (1992); *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32 (1992).

The allegations here do not come close to asserting a proper claim, nor does Plaintiff attempt to do so.  This claim, too, is premised on the purported flaws in the foreclosure process which, according to Plaintiff, render the trustee sale void.  Yet, this is not the purpose of an implied covenant claim.

Moreover, if Plaintiff is basing this claim on the loan documents, she fails to plead the first element, her performance under the contract.  *Beutel v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 121486, at *9 (N.D. Cal. 2011) (Granting motion to dismiss claim for breach of the implied covenant because plaintiff had not made monthly payments under note and therefore had not performed under his contractual duties).  The recorded notice of default reflects a past due amount as of July 2009, indicating that plaintiff has not performed "all, or substantially all, of the significant things the contract required." *Carma Developers,* 2 Cal. 4th at 371-375.  Additionally, and fatally, she fails to identify the benefits she was denied and does not identify any facts to show how Wells Fargo unfairly interfered with her right to receive these benefits.

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff also references her loan modification discussions in the context of her breach of

2    the implied covenant claim.  (Comp. ¶ 54).  A modification would require an alteration of the

3    express terms of the contract and would need to be in writing.  *See* (RJN Exh. B. at ¶23); Cal.

4    Civ. Code §§ 1624(a), 1698.  Plaintiff cannot claim that Wells Fargo breached the implied

5    covenant in her loan contract when it failed to alter that contract.

6    Under these circumstances, this claim should be dismissed.

7    **D.    The Fifth Claim (Intentional Infliction Of Emotional Distress) Should Be Dismissed.**

8    Like her previous claims, this one too is premised on presumed flaws in the foreclosure

9    proceedings and vague assertions that Wells Fargo promised the sale would not go forward while

10    Plaintiff was in review for a modification.  These allegations do not state a claim for relief. The

11    elements of an intentional infliction of emotional distress ("IIED") claim are (i) outrageous

12    conduct, (ii) an intention by defendant to cause, or reckless disregard of the probability of

13    causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate

14    causal link between the tortious conduct and the emotional distress.  *Nally v. Grace Comm.*

15    *Church*, 47 Cal. 3d 278, 300 (1988).

16    Plaintiff fails to plead the required element of outrageous conduct as the only conduct

17    charged to defendant is the conduct of the foreclosure and vague promises not to sell the

18    property.  *See Tollefson v. Roman Catholic Bishop*, 219 Cal.App.3d 843, 858 (1990).  "[A]n

19    action for intentional infliction of emotional distress exists only where the defendant's conduct

20    was not privileged."  *Girard v. Ball*, 125 Cal. App. 3d 772, 786-87 (1981).  "The assertion of an

21    economic interest in good faith is privileged."  *Id., Ross v. Creel Printing & Pub. Co., Inc.*, 100

22    Cal. App. 4th 736, 748 (2002) (dismissing IIED claim against creditor; "in a society greatly

23    dependent upon the extension of credit, it is important that a creditor be allowed a certain degree

24    of freedom in demanding payment.").

25    Here, the multiple bankruptcy petitions reflect that the borrower was unable to make the

26    monthly payments.  Initiation of foreclosure proceedings, as permitted by the deed of trust, was a

27    good faith assertion of Wells Fargo's economic interest in the property and cannot be the basis of

28    an IIED claim.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff also fails to plead the any specific distress, or the "intensity and duration of the

2    distress." *See Bogard v. Employers Casualty Co.*, 164 Cal.App.3d 602, 617 (1985).  Merely

3    listing negative emotions without facts articulating their substantial quantity or enduring quality

4    does not satisfy this standard.  *See Pitman v. City of Oakland*, 197 Cal.App.3d 1037, 1047-48

5    (1988).  Finally, recovery is generally unavailable where, as here, only economic harm is

6    involved.  *See e.g.,  Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999).  This claim should be

7    dismissed without leave to amend.

8    **E.      Plaintiff Has Not Stated A Claim For Negligence.**

9        The claim, like each claim, is that defendants have breached a duty concerning the

10   foreclosure proceedings.  Even assuming the alleged breaches could be proven, these claims are

11   not viable.  Actionable negligence has three traditional elements each of which must be both

12   pleaded and proved: (1) a legal duty to use due care; (2) a breach of that duty; and (3) a

13   proximate or legal causal connection between the breach and plaintiff's injuries.  *United States*

14   *Liab. Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal. 3d 586, 594 (1970).

15       The Plaintiff's sixth cause of action fails to support the requested relief because Plaintiff

16   has not, indeed cannot, plead or prove any harm caused by the foreclosure.  The relief plaintiff

17   was allegedly deprived of is not described, but it manifestly does not refer to any enforceable

18   legal right because Plaintiff has been able to file for relief in bankruptcy, many times, and

19   previously filed an action, but never sought an order enjoining the sale.  There is no right to

20   obtain private relief from foreclosure whether through a loan modification, short sale or

21   otherwise.  The foreclosure in this case, as in any other, results from the borrower's failure to

22   perform her promise to repay a loan.  The Plaintiff has always been aware of the non-judicial

23   foreclosure of the Property and has had well more than the statutorily required time to cure her

24   default which is the primary purpose of the non-judicial foreclosure process.  *Aceves v. U.S.*

25   *Bank, N.A.*, 192 Cal. App. 4th 218, 232 (2011)  Again, in so far as the complaint reveals, this

26   Plaintiff has suffered no harm as a result of any alleged defect in the foreclosure procedure.

27   / / /

28   / / /

**F.**       **Plaintiff Fails to Allege a UCL Violation.**

Plaintiff's seventh cause of action for violation of the unfair competition law ("UCL") also fails to state a claim.  A cause of action under Business & Professions Code § 17200 must state with reasonable particularity the facts showing unlawful, unfair, or fraudulent business acts on the part of the defendant.  *Korea Supply Company v. Lockheed Martin Corporation*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  To the extent an unfair competition claim is based on alleged fraud (in this case, at paragraph 72), it must be plead with heightened specificity.  *Neu v. Terminix Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32844, *13-14 (N.D. Cal. Apr. 8, 2008).

A UCL claim will not lie absent some independently wrongful conduct.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  Such conduct may be unfair, deceptive or fraudulent to qualify as a breach of the UCL.  However, if the causes of action upon which a UCL claim fail, then the UCL claim also must fail.  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009).

Plaintiff fails to adequately identify the conduct she believes violates the UCL.  She variously alleges acts relating to the servicing of her loan and the foreclosure process.  Each of these allegations are conclusions and devoid of supporting facts.  Her claim merely reiterates the allegations of her other causes of action.  Because those claims are deficient, so too is her UCL claim.  And, as with her fraud claim, this cause of action lacks the required specificity to survive a motion to dismiss.[2]

The UCL claims fail to identify any conduct by Wells Fargo that could be considered unfair or wrongful.  The foreclosure proceeded only after Plaintiff had been in default for more than three years.  Wells Fargo had to repeatedly seek and obtain relief from the bankruptcy stay, only to have Plaintiff file another bankruptcy petition – sometimes even maintaining two at once.

---

[2]  This deficiency is particularly significant here because the nature of this claim will likely raise additional defenses including *res judicata* based on a class action settlement regarding loans such as plaintiff's or federal preemption under the Home Owners' Loan Act (12 U.S.C. § 1461, *et seq.*; 12 C.F.R. § 560.2).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiff cannot identify anything false in any of the foreclosure or loan documents recorded in connection with her loan or the foreclosure. Wells Fargo simply does not offer any factual allegations of anything Wells Fargo did wrong that would support this claim.

This cause of action also fails due to Plaintiff's inability to plead a loss of money or property as a result of any alleged UCL violation. A plaintiff who has not suffered an injury-in-fact via the loss of money or property lacks standing to bring a UCL claim. Cal. Bus. & Prof. C. §17204. The alleged UCL violation must proximately cause the loss at issue. *Id.* Plaintiff pleads no loss of money or property, let alone one caused by any alleged UCL violation. The foreclosure sale on Plaintiff's property was the result of Plaintiff borrowing money and then not paying it back. Nothing more, nothing less.

**G.      Plaintiff Inadequately Asserts Grounds To Cancel The Trustee's Deed Upon Sale.**

There are several problems with Plaintiff's claim to cancel the trustee's deed upon sale. First, "district courts have concluded that cancellation of an instrument such as a deed is an equitable remedy and not an independent basis for liability." *Bridgeman, Jr. v. United States of America*, 2011 U.S. Dist. Lexis 6059, *61 (E.D. Cal. Jan. 20, 2011). In fact, cancellation of a trust deed is really a claim for rescission and rescission is a remedy rather than a cause of action. *See Moreno v. Citibank, N.A.,* 2010 U.S. Dist. LEXIS 25955 (N.D. Cal. Mar. 19, 2010) (citing Cal. Civ. Code §§ 1689, 1691-92). Moreover, in order to effect a rescission, a party must tender the amounts received under the contract. *See* Civ. Code § 1691. As discussed above, Plaintiff fails to allege she tendered the amount of her debt.

Assuming Plaintiff alleges a claim entitling her to cancellation of the trustee's deed, she nevertheless fails to allege facts required for the remedy. Cal. Civ. Code §§ 3412-3413. For instance, Plaintiff must allege: (1) a reasonable apprehension that the instrument left standing might cause serious injury to the plaintiff; (2) that the instrument is valid on its face; (3) that the instrument is void or voidable; (4) that the instrument was in existence or under defendant's possession and control when the action was filed; and (5) if the interest is voidable rather than void, that plaintiff acted promptly to rescind. Civil Code §§ 3412-13; *Hironymous v. Hiatt*, 52

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Cal. App. 727,731 (1921).  Plaintiff is required to specifically allege the grounds on which the

2   instrument is void or voidable.  *Stevenson v. Baum*, 65 Cal. App. 4th 159, 164 (1998).

3        Here, Plaintiff seeks to void the trustee's deed upon sale without alleging facts supporting

4   each of the above elements.  (*See* Comp. ¶¶ 75-82).  She certainly cannot allege grounds to void

5   the trustee deed, as her theories that the foreclosure proceedings were flawed is not supported by

6   the recorded documents she attaches to the complaint or any legal authority.  Moreover, this is

7   the premise of her other claims which, as discussed, are fatally flawed and should be dismissed.

8   As such, Plaintiff's claim for cancellation of the trustee deed should be dismissed as well.

9   *Bridgeman v. United States*, 2011 U.S. Dist. LEXIS 6059, *62-63 (E.D. Cal. Jan. 20, 2011)

10  (relying on *Sanchez v. U.S. Bank, N.A.*, 2010 U.S. Dist. LEXIS 14954 (N.D. Cal. Feb. 22, 2010),

11  "dismissing plaintiff's claim for cancellation where allegations in support of that claim were the

12  same allegations related to the claims that the court had determined failed to state a claim").

13       Simply put, Plaintiff offers no basis to cancel the instrument.

14  **H.     Plaintiff Has Not Stated a Claim for Quiet Title.**

15       Plaintiff's ninth cause of action seeks to quiet title to the property in her favor.  As noted

16  above, California law is unequivocal in holding that a borrower cannot quiet title as to his or her

17  mortgage without paying the debt.  *Karlsen v. American Savings & Loan Ass'n*, 15 Cal. App. 3d

18  112, 117 (1971); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948).  Plaintiff has not, and as

19  her five bankruptcies confirm, cannot tender the debt owed on her mortgage.  Her quiet title

20  claim therefore fails as a matter of law.

21  **I.     Plaintiff Has Not Stated A Basis for Declaratory Relief.**

22       The tenth claim purports to seek declaratory relief that the foreclosure is void that that

23  Plaintiff is the legal owner of the Property.  (Comp. ¶ 96).  There are a number of problems with

24  this claim.

25       As numerous courts have recognized, declaratory relief is a remedy, not an independent

26  claim for relief.  *Pazargad v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 94850, at *6-*7

27  (C.D. Cal. Aug. 23, 2011) ("Declaratory relief is not an independent claim, rather it is a form of

28  relief."); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are

2   forms of relief.").

3          Further, a motion to dismiss is appropriately granted if the facts (as pled or judicially

4   noticed) establish that a plaintiff has no right to the declaration sought.  *United States v.*

5   *Washington*, 759 F.2d 1353, 1353 (9th Cir. 1985).  Here, no controversy exists for which this

6   Court can grant relief.  As discussed previously, the judicially noticeable facts confirm that the

7   foreclosure proceedings were properly conducted.  Wells Fargo therefore was entitled to

8   foreclose and Plaintiff is not entitled to a declaratory judgment to the contrary.

9          Finally, the claim fails because Plaintiff has not alleged a tender of the indebtedness.

10  "[T]he law is long-established that a trustor … must tender the obligation in full as a prerequisite

11  to challenge of the foreclosure sale."  *Periguerra v. Meridas Capital, Inc.*, 2010 U.S. Dist.

12  LEXIS 8082, *9-12 (N.D. Cal. Jan. 29, 2010).

13  **J.     Plaintiff's Eleventh Claim For Relief Fails Because Injunctive Relief Is Not An**

14          **Independent Claim.**

15         The law is clear that injunctive relief is a remedy, not a separate claim for relief.  *Korean*

16  *American Legal Advocacy Foundation v. City of Los Angeles*, 23 Cal. App. 4th 376, 397-98

17  (1994).  "A preliminary injunction is an interim remedy designed to maintain the status quo

18  pending a decision on the merits.  It is not, in itself, a cause of action.  Thus, a cause of action

19  must exist before injunctive relief may be granted." *Id*. at 397-98.

20         Moreover, to obtain an injunction, Plaintiffs must plead a proper cause of action for

21  which they can demonstrate, among other things, a likelihood of success on the merits. *Winter v.*

22  *Natural Resources Def. Council,* 129 S. Ct. 365, 374 (2008).  Here, the complaint fails to make

23  this showing. *See Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1038 (N.D. Cal.

24  2010) (dismissing declaratory and injunctive relief claims).

25         Standing alone, Plaintiff's purported claim for "injunctive relief" is not actionable.  And

26  as shown earlier, Plaintiff fails to state an actionable tort claim even if Plaintiff pleaded

27  injunctive relief as a remedy.  Therefore, there is no underlying tort claim to support Plaintiff's

28  request.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**7.   NONE OF THE CLAIMS IS SUFFICIENT AS TO GOLDEN WEST**

As addressed above, judicially noticeable documents demonstrate Golden West was not involved with the foreclosure of the loan or had any ownership interest in the loan: (1) On July 31, 2009, Cal-Western recorded the notice of default as a result of Plaintiff's default (Comp. Ex. C); (2) on November 2, 209, Cal-Western had the substitution of trustee recorded, whereby it replaced Golden West as trustee (Comp. Ex. C); and on July 25, 2011, Cal-Western had the notice of trustee's sale recorded (Comp. Ex. H).  As Golden West was not involved in the foreclosure proceedings and is not alleged to have any ownership interest in the loan, it should be dismissed from this action forthwith.

**8.   CONCLUSION**

Based on the foregoing, this motion to dismiss should be granted and the complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

Dated:  January 24, 2013

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP


By:   /s/ E. Christine Hehir
       E. Christine Hehir
       chehir@afrct.com
Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. ("Golden West") (collectively "Wells Fargo")

1

**CERTIFICATE OF SERVICE**

2

3      I, the undersigned, declare that I am over the age of 18 and am not a party to this action.
I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling,
Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena,

4      California  91101-2459.

5      On the date below, I served a copy of the foregoing document entitled:

6      **DEFENDANTS WELLS FARGO AND GOLDEN WEST'S**

7      **NOTICE OF MOTION AND MOTION TO**
       **DISMISS PLAINTIFF'S COMPLAINT**

8

9      on the interested parties in said case as follows:

10                    **Served Electronically**
                    **Via the Court's CM/ECF System**

11

12                    *Attorneys for Plaintiff*

13                    William E. Gilg, Esq.
                    305 San Bruno Avenue West

14                    San Bruno, CA 94066
                    Tel:  650-871-8647

15                    Fax:  650-873-3168
                    Email:  williamgilg@msn.com

16

17

18      I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.  I declare that I am employed in the office of a member of the
Bar of this Court, at whose direction the service was made.  This declaration is executed in

19      Pasadena, California on January 24, 2013.

20

21      Marianne Mantoen                              */s/ Marianne Mantoen*

22      (Type or Print Name)                          (Signature of Declarant)

23

24

25

26

27

28

CASE NO.:  3:13-CV-00002-MEJ
CERTIFICATE OF SERVICE