UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GERALDINE P. SUELEN,<br><br>　　　　　　Plaintiff,<br>　v.<br>WELLS FARGO BANK, N.A., et al.,<br>　　　　　　Defendants.<br>_____/ | No. C 13-002 MEJ<br><br>**ORDER DISCHARGING SECOND OSC**<br><br>**ORDER REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE** |

On February 28, 2013, the Court ordered Plaintiff Geraldine Suelen to show cause why her Motion to Remand should not be denied. Having receiving the declaration in response from Plaintiff's counsel, the order to show cause is DISCHARGED.

Pursuant to Civil Local Rule 16-8 and Alternative Dispute Resolution (ADR) Local Rule 2-3, the Court refers this foreclosure-related action to the ADR Unit for a telephone conference to assess the case's suitability for mediation or a settlement conference. The parties shall participate in a telephone conference, to be scheduled by the ADR Unit as soon as possible, but no later than April 4, 2013.

The parties shall be prepared to discuss the following subjects:

　　(1)　Identification and description of claims and alleged defects in loan documents.

　　(2)　Prospects for loan modification.

　　(3)　Prospects for settlement.

The parties need not submit written materials to the ADR Unit for the telephone conference. In preparation for the telephone conference, Plaintiff shall do the following:

　　(1)　Review relevant loan documents and investigate the claims to determine whether they have merit.

　　(2)　If Plaintiff is seeking a loan modification to resolve all or some of the claims,

Plaintiff shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request.  Further, Plaintiff shall immediately notify Defendants' counsel of the request for a loan modification.

(3)  Provide counsel for Defendants with information necessary to evaluate the prospects for loan modification, in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, Defendant(s) shall do the following.

(1)  If Defendants are unable or unwilling to do a loan modification after receiving notice of Plaintiff's request, counsel for Defendants shall promptly notify Plaintiff to that effect.

(2)  Arrange for a representative of each Defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will notify the parties of the date and time the telephone conference will be held.  After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

The March 14, 2013 hearing on Defendants' motion to dismiss is VACATED pending resolution of this ADR process.

**IT IS SO ORDERED.**

Dated: March 7, 2013

_____
Maria-Elena James
United States Magistrate Judge