# UNITED STATES  DISTRICT COURT

## Northern District of California

| | |
|---|---|
| GERALDINE P. SUELEN | No. C-13-002 MEJ |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| WELLS FARGO BANK, N.A.; GOLDEN WEST SAVINGS ASSOCIATION SERVICE, CO., A CALIFORNIA CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION, et al., | |
| Defendants. | |

_____/

## I.  INTRODUCTION

Plaintiff Geraldine Suelen filed suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Golden West Savings Association Service, Co. ("Golden West"), and Cal-Western Reconveyance Corporation ("Cal-Western") in Contra Costa County Superior Court for alleged misconduct relating to the foreclosure on her property.  Not. of Rem. at 2, Dkt. No. 1.  Wells Fargo and Golden West removed the action to this Court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  *Id.* at 1-2.  Now pending before the Court are Wells Fargo and Golden West's Motion to Dismiss and Ms. Suelen's Motion to Remand.  Dkt. Nos. 8, 11.  Upon consideration of the papers submitted, the Court **REMANDS** the action back to Contra Costa County Superior Court because the Court lacks subject-matter jurisdiction over it.[1]

_____

[1] Pursuant to this District's Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument.

1

## II. BACKGROUND

2       The relevant facts are taken from Ms. Suelen's Complaint and certain public records of

3   which the Court takes judicial notice.[2]  This action arises out of a residential home loan for a

4

5   _____

        [2]

6   Wells Fargo and Golden West ask the Court to take judicial notice of the following documents: (1) a
    letter, dated November 19, 2007, from Nicholas Dyer, Assistant Regional Director, Office of Thrift
7   Supervision to John Stoker, Vice President and Assistant General Counsel, Wachovia Corporation
    confirming that World Savings Bank changed its name to Wachovia Mortgage, FSB; (2) an official
8   certification of the Comptroller of the Currency confirming Wachovia Mortgage, FSB's conversion
    to a national bank with the name Wells Fargo Bank Southwest, N.A., and Wells Fargo Bank
9   Southwest, N.A.'s merging with and into Wells Fargo Bank, N.A.; (3) a Chapter 7 bankruptcy
    petition filed on July 6, 2010 in the United States Bankruptcy Court, Northern District of California
10  and identified as Case No. 10-48053; (4) an order granting motion for relief from automatic stay
    entered on October 21, 2010 in the United States Bankruptcy Court, Northern District of California
11  and identified as Case No. 10-48053; (5) an order of dismissal entered on November 4, 2010 in the
    United States Bankruptcy Court, Northern District of California and identified as Case No. 10-
12  48053; (6) a Chapter 7 bankruptcy petition filed on December 3, 2010 in the United States
    Bankruptcy Court, Northern District of California and identified as Case No. 10-73926; (7) an
13  amended summary of schedules filed on December 8, 2010 in the United States Bankruptcy Court,
    Northern District of California and identified as Case No. 10-73926; (8) an order granting motion
14  for relief from automatic stay entered on April 4, 2011 in the United States Bankruptcy Court,
    Northern District of California and identified as Case No. 10-73926; (9) a discharge of debtor
15  entered on March 15, 2011 in the United States Bankruptcy Court, Northern District of California
    and identified as Case No. 10-73926; (10) a notice of trustee sale, dated July 19, 2011 and recorded
16  in the official records of the Office of the Contra Costa County Recorder on July 25, 2011 and
    identified as Document No. 2011-0145937-00; (11) a Chapter 13 bankruptcy petition filed on
17  November 23, 2011 in the United States Bankruptcy Court, Eastern District of California and
    identified as Case No. 11-72360; (12) an order of dismissal entered on December 20, 2011 in the
18  United States Bankruptcy Court, Northern District of California and identified as Case No. 11-
    72360; (13) a Chapter 13 bankruptcy petition filed on February 6, 2012 in the United States
19  Bankruptcy Court, Northern District of California and identified as Case No. 12-41086; (14) an
    order of dismissal entered on February 23, 2012 in the United States Bankruptcy Court, Northern
20  District of California and identified as Case No. 12-41086; (15) a Chapter 13 bankruptcy petition
    filed on March 21, 2012 in the United State Bankruptcy Court, Northern District of California and
21  identified as Case No. 12-42498; (16) an order dismissing the case prior to confirmation with a 6
    month bar to refiling in the United States Bankruptcy Court, Northern District of California
22  identified as Case No. 12-42498; (17) a trustee's deed upon sale, dated August 7, 2012 and recorded
    in the official records of the Office of the Contra Costa County Recorder on August 9, 2012 as
23  Document No. 2012-0191931-00; and (18) a notice of voluntary dismissal filed on November 8,
    2012 in the United States District Court, Northern District of California and identified as Case No.
24  3:12-cv-05219-JSW.  Dkt. No. 9.

25       The Court may take judicial notice of matters of public record.  *Lee v. City of L.A.*, 250  F.3d
    668, 689 (9th Cir. 2001); *see* Fed.R.Civ.P. 201(d).  The Court can take judicial notice of documents
26  reflecting official acts of the executive branch of the United States, pursuant to Rule 201(b)(2).  *Hite
    v. Wachovia Mortgage*, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010).
27  Furthermore, judicial notice is appropriate for information obtained from government websites.
    *Paralyzed Veterans of Am v. McPherson*, 2008 U.S. Dist. LEXIS 69542, at *17-18 (N.D. Cal. Sept.

28                                         2

1   personal residence located at 1725 Liberty Street, #5, El Cerrito, California 94530 ("the Property").

2   Compl. ¶ 10, Dkt. No. 1-2.  Pursuant to a residential home loan, on October 7, 2004, Ms. Suelen

3   executed a Deed of Trust on the Property.  *Id.* ¶ 11.  The Deed of Trust listed World Savings Bank,

4   FSB as the beneficiary and Golden West as the trustee.  *Id.*

5       In or around January 2008, World Savings Bank, FSB changed its name to Wachovia

6   Mortgage, FSB, which then merged into Wells Fargo Bank, N.A. in November 2009.  Req. for Jud.

7   Not., Exs. A-B, Dkt. No. 9.

8       Beginning in 2009 and continuing thereafter, Ms. Suelen contends that she was negotiating

9   or attempting to negotiate a loan modification with Wells Fargo and that she and her agent

10  repeatedly contacted Wells Fargo by telephone, e-mail, and otherwise.  Compl. ¶ 19.  Ms. Suelen

11  alleges that she and her agent repeatedly inquired whether these loan modification negotiations

12  would hold off any foreclosure sale and, if not, then what would be the date of the actual trustee's

13  sale so that Ms. Suelen would be able to take necessary steps to protect her rights and save the

14  subject property.  *Id.* Ms. Suelen alleges that Wells Fargo assured her that no foreclosure sale would

15  take place during these loan modification negotiations and that they would certainly apprise her of

16  any sale date should Wells Fargo reject the loan modification negotiations.  *Id.*  Ms. Suelen contends

17  that Wells Fargo subsequently rejected the loan modification negotiations without notice to her and

18  refused to divulge the trustee's sale date.  *Id.*

19      On July 31, 2009, a notice of default was recorded against Ms. Suelen and the subject

20  property by acting trustee Cal-Western.[3]  *Id.* ¶ 12.  Cal-Western subsequently filed multiple Notices

21  of Trustee's Sale and Trustee's Deed Upon Sale.  *Id.* ¶¶ 13-18.  In response, Ms. Suelen filed five

22  bankruptcy petitions.  Req. for Jud. Not., Exs. C, F, I, K, M, Q.  However, the bankruptcy court

23

24  8, 2008) (court took judicial notice of information appearing on and printed from official
    government websites -- citing numerous decisions from federal circuits and district courts all
25  approving judicial notice of information obtained from government websites).

26      [3]  Although no party submitted a notice of substitution of trustee showing that Cal-Western took
    over as trustee from Golden West before the notice of default was recorded, the substitution of trustee
27  (recorded on November 2, 2009, as Document No. 2009-0260810-00) shows that the substitution was
    executed on July 30, 2009.  Not. of Rem. at Ex. A.

28

                                        3

1   eventually barred Ms. Suelen from filing any additional bankruptcy petitions for six months.  Req.

2   for Jud. Not., Ex. P.  Thereafter, Wells Fargo completed the foreclosure of the subject property on

3   July 19, 2012.[4]  Compl. ¶ 18.

4       Ms. Suelen instituted this action in Contra Costa County Superior Court on December 20,

5   2012.  Not. of Rem. at 2.  Ms. Suelen brought the following causes of action against "all

6   defendants": (1) wrongful foreclosure; (2) intentional fraud; (3) negligent fraud; (4) breach of

7   implied covenant of good faith and fair dealing; (5) intentional infliction of emotional distress; (6)

8   negligence; (7) violation of California Business and Professions Code § 17200, et seq; (8)

9   cancellation of instrument; (9) quiet title; (10) declaratory relief; and (11) injunctive relief.  Compl.

10      On January 2, 2013, Wells Fargo and Golden West removed the action to this Court,

11  claiming diversity jurisdiction.  Not. of Rem.; *see* 28 U.S.C. § 1332.  Wells Fargo and Golden West

12  subsequently moved to dismiss Ms. Suelen's Complaint on January 24, 2013.  Dkt. No. 8.  On

13  February 1, 2013, Ms. Suelen moved to remand this matter back to the Contra Costa County

14  Superior Court based on lack of complete diversity.  Dkt. No. 11.  Because the Court finds that

15  jurisdiction is lacking, it turns to the Motion to Remand first.

### III. DISCUSSION

**A.    Subject-Matter Jurisdiction**

18      Federal courts are of limited jurisdiction, and have subject matter jurisdiction only over

19  matters authorized by the Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

20  375, 377 (1994).  Diversity jurisdiction requires all plaintiffs to have different citizenship from all

21  defendants and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; *Owen Equip. &*

22  *Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  "The strong presumption against removal

23  jurisdiction means that the defendant always has the burden of establishing that removal is proper."

24  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted).  "Courts should

25  resolve doubts as to removability in favor of remanding the case to state court."  *Id.*

[4] The trustee's deed upon sale was recorded on August 9, 2012, with a sale date of July 19, 2012 and sales price of $125,727.00.  Compl. ¶ 18.

4

1          1.          The Amount-In-Controversy Requirement

2          To determine the amount in controversy, the Court considers evidence "relevant to the

3    amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

4    Cir. 2004); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction

5    must be analyzed on the basis of the pleadings filed at the time of removal without reference to

6    subsequent amendments."). When no amount is specified in the plaintiff's complaint, the removing

7    defendant has the burden of showing that the amount in controversy exceeds $75,000. *Sanchez v.*

8    *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

9          In her Complaint, Ms. Suelen seeks, among other things, actual and compensatory damages,

10   general damages, and punitive damages against each defendant, "in an amount according to proof."

11   Compl. at 38. Further, Ms. Suelen seeks a "judgment or decree establishing that she is the legal and

12   equitable owner in fee simple of the subject property and that the defendants have no interest in the

13   same." *Id.* While this does not establish the amount in controversy with specificity, Ms. Suelen

14   does not only seek damages. "In actions seeking declaratory or injunctive relief, it is well

15   established that the amount in controversy is measured by the value of the object of the litigation."

16   *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver.*

17   *Comm'n*, 432 U.S. 333, 347 (1977)). In actions to enjoin foreclosure sales, to quiet title, or to

18   remove a cloud from title, the object of the litigation is the real estate itself. *Chapman v. Deutsche*

19   *Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (citing *Garfinkle v. Wells Fargo Bank*,

20   483 F.2d 1074, 1076 (9th Cir. 1973); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d

21   1022, 1028-29 (N.D. Cal. 2010) ("Numerous courts have held that, where a complaint seeks to

22   invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount.")

23   (collecting cases); *see also De Long v. Bank of America, N.A.*, 2012 WL 1498868, at *4 (N.D. Cal.

24   Apr. 27, 2012) ("[T]he amount in controversy was met because Plaintiff sought to quiet title and to

25   cancel the Trustee's Deed upon sale for the property, which was valued at $214,000."). Here, Ms.

26   Suelen seeks to quiet title and cancel the deed of trust, and the value of her loan is $264,000, *see*

27   Compl. at 1, 38, so under the authorities cited above, the amount-in-controversy requirement is met.

28                                                    5

2.      The Complete Diversity Requirement

There is no dispute that Wells Fargo is a citizen of South Dakota and that Plaintiff, Golden West, and Cal-Western are California citizens. Mot. at 12, Dkt. No. 11; Opp. at 6, Dkt. No. 16. Ms. Suelen argues that the fact that she, Golden West, and Cal-Western are all California citizens destroys diversity jurisdiction. Mot. at 2. However, Defendants argue that neither Golden West nor Cal-Western's California citizenship defeats diversity jurisdiction because they are fraudulently joined, or nominal, parties. Opp. at 6.

While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987) (a fraudulently joined defendant will not defeat diversity jurisdiction). In the Ninth Circuit, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339. There is a strong presumption against fraudulent joinder, and a defendant who asserts it "carr[ies] a heavy burden of persuasion." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *2 (N.D. Cal. Dec.11, 1996) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "Indeed, [a defendant] must show to 'a near certainty' that joinder was fraudulent and that 'plaintiff has *no actual intention to prosecute* an action against [that] particular resident defendant[ ]." *Osorio v. Wells Fargo Bank*, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012) (quoting *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (emphasis in original) (citing *Boyer*, 913 F.2d at 111)); *see also Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

"The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. A non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party

6

whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). "In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *Knutson v. Allis–Chalmers Corp.*, 358 F.Supp.2d 983, 993-95 (D. Nev. 2005) (collecting cases). Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *Burris v. AT & T Wireless, Inc.*, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (citing *Nickelberry v. DiamlerChrysler Corp.*, 2006 WL 997391, at *1-2 (N.D. Cal. Apr. 17, 2006) (remanding action where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure the pleading deficiency regarding the alleged sham defendant)). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris*, 2006 WL 2038040, at *2).

Here, the Court finds that Ms. Suelen has not sufficiently alleged claims against Golden West or Cal-Western for wrongful foreclosure and quiet title. Courts in this district have uniformly held that a plaintiff cannot state a claim challenging the foreclosure process where a foreclosure sale has already occurred, as it has here. *See, e.g., Garbutt v. Adamarc Financial Co., Inc.*, 2011 WL 2784548, at *2-3 (N.D. Cal. July 13, 2011); *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 877-78 (N.D. Cal. 2010); *Aguilera v. Hilltop Lending Corp.*, 2010 WL 3340566, at *4-5 (N.D. Cal. Aug. 25, 2010); *Atkins v. Litton Loan Servicing, LLP*, 2010 WL 3184350, at *4 (N.D. Cal. Aug.11, 2010). With respect to her claim to quiet title, Golden West and Cal-Western do not claim any interest in the subject property. Thus, under California law, it is "obvious" Ms. Suelen cannot now state a quiet title claim against them. *McCabe*, 811 F.2d at 1339.

But it is not so clear with respect to Ms. Suelen's remaining claims. It is true that Ms. Suelen's allegations primarily focus on the conduct of Wells Fargo. It also is true that her allegations concerning Golden West and Cal-Western primarily focus on their role as trustees. Nevertheless, Ms. Suelen does bring all of her claims against "all defendants," including Golden

West and Cal-Western.  And, even if Ms. Suelen's allegations do not meet the necessary pleading requirements now, Defendants have not shown, as they must, that she could not re-allege at least one of them to do so.  *Padilla*, 697 F.Supp.2d at 1159 ("Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'") (quoting *Burris*, 2006 WL 2038040, at *2).  In this circumstance, the Court finds that Defendants have not carried their "heavy burden of persuasion," *Lieberman*, 1996 WL 732506, at *2, to show to "a near certainty" that joinder was fraudulent and that Ms. Suelen "has *no actual intention to prosecute* an action" against Golden West and Cal-Western.  *Diaz*, 185 F.R.D. at 586 (emphasis in original); *Osorio*, 2012 WL 2054997, at *2.  Accordingly, the Court concludes that Golden West and Cal-Western have not been fraudulently joined and that Defendants' removal of this action was improper.

**B.      Motion to Dismiss**

Because the Court concludes that it does not have subject-matter jurisdiction over this dispute (because there is no complete diversity), the Court does not address the merits of Defendants' Motion to Dismiss.

**C.      Request for Attorneys' Fees and Costs**

In her Motion, Ms. Suelen requests that the Court order the removing Defendants to pay her costs and expenses incurred as a result of their improper removal.  Mot. at 21.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Gardner v. UICI*, 508 F.3d 559, 560-563 (9th Cir. 2007) (defendant removed on the basis that a defendant was fraudulently joined because all of the claims against him were time-barred; court found that defendant "had an objectively reasonable basis for removal to federal court," and the district court abused its discretion in awarding fees and costs to the plaintiff under 28 U.S.C. § 1447(c)).  Here, the Court finds it was reasonable for Defendants to attempt removal based on Ms. Suelen's Complaint as pled and their argument that Golden West and Cal-Western were not

involved in the foreclosure at issue.  Therefore, the Court DENIES Ms. Suelen's request for attorneys' fees and costs.

## IV.  CONCLUSION

Based on the foregoing, the Court REMANDS this action back to Contra County Superior Court.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 1, 2013

_____
Maria-Elena James
United States Magistrate Judge